**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JESSIE HEREDIA,

                  Petitioner - Appellee,

    v.

LARRY SMALL, Warden,

                  Respondent - Appellant.

No. 12-55796

D.C. No. 2:09-cv-03669-RGK-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

The district court granted Jessie Heredia's petition for a writ of habeas

corpus after concluding that the trial judge's decision to discharge a juror ("Juror

No. 9") under California Penal Code § 1089 violated Heredia's Sixth Amendment

rights. The district court determined that the California Court of Appeal had not

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

adjudicated Heredia's constitutional claims on the merits, and that the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") deferential standards of review thus did not apply. *See* 28 U.S.C. § 2254(d).

While respondent Larry Small's appeal was pending in this court, the Supreme Court decided *Johnson v. Williams*, 133 S. Ct. 1088 (2013), which held that "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Id.* at 1096. *Williams* squarely controls our review of this case. As in *Williams*, the California Court of Appeal evaluated Heredia's juror dismissal claim under state law, but made no express reference to his accompanying federal constitutional claims. Applying *Williams*, we must presume—subject to rebuttal—that the California Court of Appeal adjudicated Heredia's constitutional claims on the merits.

Heredia cannot rebut that presumption here. Heredia argues that because the California Court of Appeal's opinion in his case does not cite any federal authority, his case is distinguishable from *Williams*, where the state court cited a United States Supreme Court case. But in dismissing Heredia's appeal, the California Court of Appeal cited a state case, *People v. Barnwell*, 162 P.3d 596 (Cal. 2007),

which concerned a defendant's Sixth Amendment challenge to the removal of a juror for failing to deliberate. *Id.* at 604. The defendant in *Barnwell* raised only state and federal constitutional challenges; the case did not discuss the California statutes that Heredia alleges were the sole focus of the Court of Appeal's decision in his case. The *Barnwell* citation is sufficient indication that the California Court of Appeal considered Heredia's federal constitutional claims.

The California Court of Appeal's decision also cited—albeit on a different point—*People v. Cleveland*, 21 P.3d 1225 (Cal. 2001), which the Supreme Court discussed in *Williams*. The Supreme Court remarked that "it is difficult to imagine any panel of appellate judges reading *Cleveland* and passing on the propriety of dismissing a holdout juror under § 1089 without realizing that such situations also bear on the federal constitutional right to a fair trial." *Williams*, 133 S. Ct. at 1098–99. The California Court of Appeal's citation to *Cleveland* is thus further evidence that it considered and rejected Heredia's constitutional claims.

Heredia has failed to rebut the *Williams* presumption that the state court rejected his federal constitutional claims on the merits. Our review is therefore confined by the standards set out in 28 U.S.C. § 2254(d).

Turning to the substance of Heredia's claims, he first argues that the state court erred in its factual determination that Juror No. 9 was biased and therefore

unfit for service under California Penal Code § 1089. We are unable to grant relief under AEDPA unless we conclude that the state court reached "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The state court did not make an unreasonable determination of the facts supporting its decision to remove Juror No. 9. After receiving three notes signed by other jurors that alleged conduct and statements by Juror No. 9 exhibiting a strong bias against all police and prosecutors, the trial court conducted a hearing to further investigate the matter. The court interviewed six jurors, including Juror No. 9, before ultimately concluding, based on explicit credibility determinations, that Juror No. 9 should be removed due to his inability to render a fair and unbiased verdict. Having reviewed the transcripts of the jurors' interviews, we cannot say that the trial court's conclusion was unreasonable in light of the evidence before it. This is especially true given that the trial court rested its conclusion on an assessment of the jurors' credibility. Thus, Heredia cannot prevail on his claim for relief under 28 U.S.C. § 2254(d)(2).

Heredia also argues that the trial court's juror interviews violated his Sixth Amendment jury trial right. Under AEDPA, we can grant relief only if the state court's resolution of Heredia's Sixth Amendment claim "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). No existing Supreme Court precedent establishes that juror interviews conducted for the purpose of responding to jurors' complaints of bias during deliberations violate a defendant's constitutional rights. Accordingly, we must deny relief.

**REVERSED**.